UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES of AMERICA ) | |
| ) | |
| v. ) | Criminal No. |
| ) | 03-40031-FDS |
| HECTOR SANCHEZ, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO REDUCE SENTENCE

**SAYLOR, J.**

Defendant Hector Sanchez pleaded guilty in 2005 to various drug charges and was sentenced to a term of imprisonment. Defendant now seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of the retroactive amendment of the sentencing guidelines concerning crack cocaine. For the reasons stated below, the motion will be denied.

**I.     Background**

On June 28, 2005, defendant pleaded guilty to an indictment charging him with three counts: (1) conspiracy to possess cocaine base with intent to distribute, in violation of 21 U.S.C. § 846 (Count 1); and (2) possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a) (Counts 2-5). The indictment alleged that the offenses involved 50 or more grams of a mixture containing cocaine base, also known as crack cocaine, making defendant subject to a mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) of 120 months' imprisonment.

On March 2, 2006, this Court conducted a sentencing hearing. The Court sentenced

defendant to the minimum mandatory sentence of 120 months, with a five-year term of supervised release.

Defendant has moved to modify his sentence pursuant to 18 U.S.C. §3582(c)(2), in accordance with the retroactive amended sentencing guidelines for crack cocaine.[1]

**II.     Analysis**

Defendant is not eligible for a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. Defendant's sentence was not based on the crack cocaine guideline, U.S.S.G. § 2D1.1, which has been amended, but on a mandatory minimum sentence that was required by statute. Where a defendant is subject to a statutory mandatory minimum sentence, the passage of a retroactive guideline amendment cannot form the basis of a reduced sentence. *United States v. Dimeo*, 28 F.3d 240, 241 (1st Cir. 1994); *see United States v. Ganun*, 547 F.3d 46 (1st Cir. 2008).   The motion to reduce sentence will therefore be denied.

**III.    Conclusion**

For the foregoing reasons, defendant's motion to reduce sentence is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: July 20, 2009

---

[1] Defendant did not file a formal motion, but filed a request for counsel that indicated that he believed he was eligible to be resentenced. The Court appointed the Federal Public Defender to represent him, although she subsequently withdrew from the representation.